## **TABLE OF CONTENTS**

I.   PROCEDURAL HISTORY: ...................................................................2

II.  STATEMENT OF FACTS: ..............................................................4

III. QUESTIONS PRESENTED: ...........................................................9

   A.   WHETHER PLAINTIFFS' CLAIMS AGAINST DAUPHIN COUNTY
   SOCIAL SERVICES FOR CHILDREN AND YOUTH MUST BE DISMISSED
   AS IT IS NOT A PERSON WITHIN THE MEANING OF §1983. ..................10

   B.   (IN THE ALTERNATIVE) WHETHER PLAINTIFFS' CLAIMS
   AGAINST DAUPHIN COUNTY SOCIAL SERVICES FOR CHILDREN AND
   YOUTH MUST BE DISMISSED AS A MATTER OF LAW. ...........................10

   C.   WHETHER ANGELICA LOPEZ-HEAGY IS ENTITLED TO
   ABSOLUTE IMMUNITY. ...................................................................10

   D.   (IN THE ALTERNATIVE) WHETHER ANGELICA LOPEZ-HEAGY IS
   ENTITLED TO QUALIFIED IMMUNITY. .......................................................10

   E.   (IN THE ALTERNATIVE) WHETHER PLAINTIFFS' FOURTEENTH
   AMENDMENT PROCEDURAL DUE PROCESS CLAIM MUST BE
   DISMISSED AS A MATTER OF LAW. ...........................................................10

   F.   (IN THE ALTERNATIVE) WHETHER PLAINTIFFS' FOURTH
   AMENDMENT CLAIM FOR UNLAWFUL SEIZURE MUST BE DISMISSED
   AS A MATTER OF LAW. ...................................................................10

   G.   (IN THE ALTERNATIVE) WHETHER PLAINTIFFS' CLAIM FOR
   PENNSYLVANIA COMMON LAW FALSE IMPRISONMENT MUST BE
   DISMISSED AS A MATTER OF LAW. ...........................................................11

   H.   (IN THE ALTERNATIVE) WHETHER PLAINTIFFS' CLAIM FOR
   TORTIOUS INFLICTION OF EMOTIONAL DISTRESS SHOULD BE
   DISMISSED AS A MATTER OF LAW. ...........................................................11

   I.   (IN THE ALTERNATIVE) WHETHER PLAINTIFFS' CLAIMS FOR
   PUNITIVE DAMAGES MUST BE DISMISSED AS A MATTER OF LAW. .11

IV.  LEGAL STANDARD: ...................................................................11

V.   LEGAL ARGUMENT: ...................................................................13

   A.   PLAINTIFFS' CLAIMS AGAINST THE DAUPHIN COUNTY SOCIAL
   SERVICES FOR CHILDREN AND YOUTH ARE BARRED AS A MATTER
   OF LAW. ...................................................................13

B.  (IN THE ALTERNATIVE) PLAINTIFFS FAIL TO PLEAD A VIABLE
MONELL CLAIM AGAINST DAUPHIN COUNTY SOCIAL SERVICES FOR
CHILDREN AND YOUTH. ...............................................................................14

C.  IMMUNITY PROTECTS ANGELICA LOPEZ-HEAGY FROM
PLAINTIFFS' CLAIMS ...................................................................................16

D.  (IN THE ALTERNATIVE) ANGELICA LOPEZ-HEAGY DID NOT
VIOLATE PLAINTIFFS' FOURTHEENTH AMENDMENT PROCEDURAL
DUE PROCESS RIGHTS .................................................................................20

E.  (IN THE ALTERNATIVE) DEFENDANT LOPEZ-HEAGY DID NOT
VIOLATE PLAINTIFFS' FOURTH AMENDMENT RIGHTS ........................24

F.  (IN THE ALTERNATIVE) ANGELICA LOPEZ-HEAGY DID NOT
FALSELY INPRISON A.F. ...............................................................................27

G.  (IN THE ALTERNATIVE) DEFENDANT LOPEZ-HEAGY DID NOT
CAUSE TORTIOUS INFLICTION OF EMOTIONAL DISTRESS TO
PLAINTIFFS ....................................................................................................28

H.  PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES MUST BE
DISMISSED .....................................................................................................31

VI.  CONCLUSION ............................................................................................32

# <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Altieri v. Pennsylvania State Police</u>, 2000 U.S. Dist. Lexis 5041, *1, *39-40 (E.D. Pa., April 20, 2000) ........................................................................................16

<u>Ascroft v. Iqbal</u>, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .................................12

<u>Atkins v. Luzerne County Children and Youth Services of Luzerne County</u>, 2205 U.S. Dist. LEXIS 19006, *24 (M.D. Pa. September 2, 2005) .............................23

<u>Atkins</u>, 2005 U.S. Dist. LEXIS at *23 .....................................................................24

<u>Bayer v. Monroe County Children and Youth Services</u>, 577 F.3d 186, 193 n.6 (3d Cir. 2009)................................................................................................................21

<u>Bd. of County Comm.'rs of Brian County v. Brown</u>, 520 U.S. 397 (1997) ............14

<u>Bd. of County Comm'rs of Brian County</u> at 403-04 ...............................................14

<u>Bell Atlantic Corp. Twombley</u>, 127 S. Ct. 1955, 1974 (2007)................................12

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007) .............................11

<u>Bell v. Wolfish</u>, 441 U.S. 520, 559 (1979) .............................................................24

<u>Benefit Guarantee Corp. v. White Consol Industries</u>, 998 F. 2d. 1192, 1196 (3d. Cir. 1993)................................................................................................................11

<u>Bonenberger v. Plymouth Township</u>, 132 F.3d 20, 25 (3d Cir., 1997)..................15

<u>Brown v. Daniels</u>, 128 Fed. Appx. 910, 914-15 (3d Cir. April 25, 2005)..............23

<u>Brown v. Daniels</u>, 128 Fed. Appx. 910, 914-915 (3d Cir. 2005) ...........................25

<u>Cacciatore v. City of Philadelphia</u>, 2005 U.S. Dist. Lexis 19064, *1, *6 (E.D. Pa., Sept. 1, 2005)..........................................................................................................15

<u>City of Canton v. Harris</u>, 489 U.S. 379, 386 (1989)..............................................15

<u>City of Newport v. Fact Concerts, Inc.</u>, 453 US 247, 271 (1981)...........................31

<u>Cleveland Board of Education v. Loudermill</u>, 470 U.S. 532, 549-541 (1985) .......21

<u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) ........................................................12

<u>Dennis v. Evans</u>, 2011 U.S. Dist. LEXIS 25557, *31-*32 (M.D. Pa. February 2, 2011)........................................................................................................................13

<u>Dull v. W. Manchester Twp. Police Dep't</u>, 2008 U.S. Dist. LEXIS 21412 *32 (M.D. Pa. March 17, 2008).....................................................................................30

<u>Ernst v. Children Review Services of Chester County</u>, 108 F.3d 486, 493 (3d Cir., 2009)........................................................................................................................17

<u>Fanning v. Montgomery County Children & Youth Services</u>, 702 F. Supp. 1184, 1189 (E.D. Pa. 1988) ..............................................................................................22

<u>Fanning</u>, 702 F. Supp. at 1189 ...............................................................................22

<u>Freedman v. City of Allentown</u>, 853 F.2d 1111, 1117 (3d Cir., 1988)..................15

<u>Garcia v. County of Bucks</u>, 155 F. Supp. 2nd 259, 268 (E.D. Pa., 2001) ..............15

<u>Gregory v. Chehi,</u> 843 F2d 111, 120 (3d Cir. 1988) ..............................................31

i

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ....................................................18

Harlow v. Fitzgerald, 457 U.S. at 816 ..................................................................19

Labove v. Lalley, 809 F.2d. 220 (3d Cir. 1987) .....................................................11

LeBar v. Bahl, 2006 U.S. Dist. LEXIS 85918 *15 (M.D. Pa. November 28, 2006)
........................................................................................................................23

M.C. v. Pavlovich, 2008 U.S. Dist. LEXIS 568829*11) (M.D. Pa. 2008) (Jones, J.
........................................................................................................................14

Mackey v. Montrym, 443 U.S. 1 (1979)................................................................22

Miller v. City of Philadelphia, 954 F. Supp. 1056 (E.D. Pa. 1997) affirmed on 74
F.3d 368 ........................................................................................................18

Mitchell v. Forsythe, 472 U.S. 511 (1985) .............................................................19

Monell, 436 U.S. at 690-691 ................................................................................15

Monell, 436 U.S. at 694).......................................................................................15

Montgomery v. DeSimone, 159 F.3d 120, 127 (3d Cir., 1998)..............................15

New Jersey v. T.L.O., 469 U.S. 325 (1985) ...........................................................24

Para v. City of Scranton, 2008 U.S. Dist. LEXIS 53854 *44-*45 (M.D. Pa.
Memorandum and Order United States Magistrate Judge Thomas M. Blewitt,
July 10, 2008) ...............................................................................................22

Park v. Veasie, 2012 U.S. Dist. LEXIS 56438 *45 (M.D. Pa. April 20, 2012) ......27

Park, 2012 U.S. Dist. LEXIS 56438 at *42 (M.D. Pa. April 20, 2012) .................29

Renk v. City of Pittsburgh, 527 Pa. 68, 641 A.2d 289, 293 (Pa. 1994)..................27

Santiago v. Warminster Twp. ........................................................................ 12, 13

Santiago v. Warminster Twp., 2010 U.S. App. LEXIS 25414, *13 (3d Cir.
December 14, 2010) .................................................................................. 13, 32

Sharpe v. County of Dauphin, 2010 U.S. Dist. LEXIS 92799, *12 (M.D. Pa.,
September 7, 2010)........................................................................................21

Soldal v. Cook County, III., 506 U.S. 56 (1992).....................................................24

Strauss v. Walsh, 2002 U.S. Dist. Lexis 24717, *1, *10 (E.D. Pa. Dec. 18, 2002) 16

Studli v. Children and Youth and Families Central Regional Office, 346 Fed.
Appx. 804, 809-810 (3d Cir. September 9, 2009).........................................26

Swisher v. Pitz, 2005 Pa. Super. 56, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005) ..29

Twombly, 127 S. Ct. 1974 ....................................................................................12

v. Creighton, 483 U.S. 635 (1982).......................................................................19

Winston by Winston v. Children and Youth Services of Delaware County, 748 F.
Supp. 1128, 1134 (E.D. Pa. 1990)................................................................25

**Statutes**

42 Pa. C.S. § 8545................................................................................................30

42 Pa. C.S. § 8542................................................................................................30

42 Pa. C.S. § 8550................................................................................................30

42 Pa. C.S. § 8553 ................................................................................................31

42 USC §1983 ........................................................................................... passim

Restatement of Torts § 908(2) ............................................................................32

**Rules**

Rule 8(a)(2) ............................................................................................................12

*** Electronically Filed***

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT FERRIS, JODI FERRIS and** | : | **CIVIL ACTION** |
| **A.F., a minor, by her parents** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **No. 1:12-CV-00442-JEJ** |
| | : | |
| **MILTON S. HERSHEY MEDICAL** | : | |
| **CENTER, CAITLIN J. MALLIS, MD,** | : | |
| **IAN M. PAUL, MD, et al.,** | : | |
| **Defendants** | : | **JURY TRIAL DEMANDED** |

---

## BRIEF IN SUPPORT OF DEFENDANTS ANGELICA LOPEZ-HEAGY AND DAUPHIN COUNTY SOCIAL SERVICES FOR CHILDREN AND YOUTH'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

Defendants Angelica Lopez-Heagy and Dauphin County Social Services for

Children and Youth, by and through their counsel, Marshall, Dennehey, Warner,

Coleman & Goggin, and John P. Gonzales, Esquire and Donald L. Carmelite,

1

Esquire, respectfully submit this Brief in Support of their Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12 (b)(6).

## I.    PROCEDURAL HISTORY:

Plaintiff Scott and Jodi Ferris, individually and as the parents of minor Plaintiff A.F., initiated this matter by way of Complaint on March 9, 2012 (doc. 1). On March 23, 2012, the matter was assigned to the Honorable John E. Jones, III, who issued a Scheduling Order (doc. 2).  On March 29, 2012, the undersigned counsel entered their Appearance on behalf of  Moving Defendants, Angelica Lopez-Heagy and Dauphin County Social Services for Children and Youth (docs. 3 and 6) and filed a Waiver of Service on behalf of Defendant Angelica Lopez-Heagy (doc. 4) and Dauphin County Social Services for Children and Youth (doc. 5).

On March 29, 2012, Joshua Bodene, Esquire, James R. Mason, III, Esquire, and Michael P. Farris, Esquire, filed Petitions for Special Admission (pro hac vice) (docs. 7-8) to which the Court approved (docs. 10-12).

On April 5, 2012, Judge Jones issued a Scheduling Order for a Case Management Conference (doc. 13).

On April 13, 2012, Defendant Officer Rian Bell and Officer Jake Rowe filed Waiver of Service (docs. 14 and 15, respectively) and Wendy B. Barish, Esquire

and Thomas Geroulo, Esquire entered their Appearances on behalf of Officers Bell and Rowe.

On April 26, 2012, Defendant Caitlin J. Mallis, M.D. filed a Waiver of Service. To date, no other Waivers of Service have been filed and no attorney has entered their Appearance on behalf of Defendants Milton S. Hershey Medical Center, Caitlin J. Mallis, M.D., Ian M. Paul, M.D., John Doe, M.D., Jane Doe, R.N., Jeannette Doe, R.N., John Roe, Janet Roe, hospital staff members, Janet Roe and Jack Roe, Risk Management personnel.

Plaintiffs' Complaint asserts four causes of action against various Defendants. Count I of Plaintiffs' Complaint asserts a claim for violation of Plaintiffs' Fourteenth Amendment procedural due process rights against Defendants Officers Bell, Rowe and Angelica Lopez-Heagy and Dauphin County Social Services for Children and Youth. Count II of Plaintiffs' Complaint pleads a claim against unspecified Defendants for violation of Plaintiffs' Fourth Amendment right to be secure in their person against unreasonable seizures. Count III maintains a claim for battery against Hershey Medical Center, Dr. Ian M. Paul and unspecified staff of Hershey Medical Center. Count IV submits a Pennsylvania common law claim for false imprisonment as against Defendants Hershey Medical Center, Angelica Lopez-Heagy, Officers Bell and Rowe. Plaintiffs' fifth and final count asserts a claim for "tortuous infliction of emotion

3

distress" as against all Defendants. Plaintiffs seek compensatory and punitive damages as well as attorney's fees and costs (Doc. 1).

Defendants filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on Friday, May 19, 2012.  (Doc. 20).

## II.   STATEMENT OF FACTS:

Allegations contained in Plaintiffs' Complaint and the public record, viewed in a light most favorable to the Plaintiffs for the purposes of this Motion only, provide as follows.[1]  Scott and Jodi Ferris are the parents of minor Plaintiff A. F., born June 27, 2010 (Doc. 1, ¶¶6, 24, 31).  At 7:00 a.m. on Sunday, June 27, 2010, Jodi Ferris' labor contractions intensified and her husband, Scott Ferris, contacted a certified professional midwife, Dhyan A. Heller (Doc. 1, ¶¶21, 24).  After consulting with the midwife, Plaintiffs decided to call 911 and request an ambulance.  The ambulance took Jodi Ferris to the Hershey Medical Center (Doc. 1 at ¶¶25-30).  Jodi Ferris gave birth to A.F. in the ambulance located in the parking lot of the Hershey Medical Center Emergency Room (Doc. 1 at ¶31).  As Jodi and A.F. were transported from the ambulance to the hospital, Jodi Ferris asked questions of hospital staff concerning A.F. that went unanswered (Doc. 1 at ¶¶32-34).  In the course of obtaining medical history from Jodi Ferris, Dr. John

---

[1] Defendants Angelica Lopez-Heagy and Dauphin County Social Services for Children and Youth specifically deny that factual recitation in Plaintiffs' Complaint accurately represents the factual history of the events giving rise to this litigation and will specifically challenge Plaintiffs' recitation of facts and defend their interest from all claims asserted by Plaintiffs.

Doe expressed hostility to using midwives and/or home deliveries (Doc. 1 at ¶¶35-36).  Defendant Nurse Jane Doe injected Plaintiff with Oxytocin without advising Jodi Ferris of the contents of the shot (Doc. 1, ¶¶37-42).  Defendant Nurse Jane Doe and another nurse attempted to start an IV over Jodi Ferris' protest (Doc. 1, ¶¶45-58).

Plaintiff Jodi Ferris continued to ask about the condition of the baby, but was ignored by hospital staff (Doc. 1, ¶¶44, 59).  After taking A.F. from Jodi Ferris' hospital room, Defendant Dr. Mallis informed Jodi at 10:30 a.m. that A.F. was doing well and that her Apgar score was 9 (Doc. 1, ¶¶60, 63-64).  At an unspecified time, Dr. John Doe told Jodi Ferris that A.F. was very sick and would have to stay in the hospital and again reaffirmed his hostility toward midwives (Doc. 1 at ¶¶65-66).  At 11:40 a.m. on June 27, 2010, hospital staff member Jane Roe brought A.F. to Jodi Ferris and informed her that the baby was doing well and would be able to go home in no time (Doc. 1 at ¶67).  Several hours later, hospital staff member, John Roe, and Defendant Risk Management member Janet Roe told Jodi and Scott Ferris that the baby would have to stay in the hospital for 48 to 72 hours pursuant to Hospital Risk Management Policy (Doc. 1 at ¶¶68-77).

Between 3:00 and 4:00 p.m. on June 27, 2010, Defendant Angelica Lopez-Heagy entered Jodi Ferris' room and informed her that she was there to conduct an investigation (Doc. 1 at ¶¶82-83).  Jodi Ferris asked to see a copy of the

allegations, but Angelica Lopez-Heagy would not tell her verbally the allegations and did not have a copy of the allegations to give Ms. Ferris (Doc. 1 at ¶¶82-87). When Ms. Ferris advised Defendant Lopez-Heagy that she was not comfortable speaking with her absent knowledge of the allegations, Defendant Lopez-Heagy informed Ms. Ferris that if she was not going to cooperate, she was going to call the police and have them take custody of the baby (Doc. 1 at ¶¶88-89).  After Jodi agreed to cooperate, Defendant Lopez-Heagy provided a brief description of the allegations, indicating that Ms. Ferris was refusing to provide medical treatment. Potentially, such medical treatment included a Vitamin K and Hepatitis B shots, but other specific examples were not provided to Ms. Ferris (Doc. 1 at ¶¶91-96). After Scott Ferris left the hospital room, Defendant Lopez-Heagy came into Ms. Ferris' hospital room and advised that if she did not agree to all of the hospital's procedures, she would call the police and have them take custody of the baby (Doc. 1 at ¶¶97-98).  Ms. Ferris advised that her reluctance to have a Hepatitis B shot was a religiously motivated decision and that she did not want to talk about her faith with Ms. Lopez-Heagy until her husband returned.  Again, Defendant Lopez-Heagy advised that if she did not agree with the procedures and sign a safety treatment plan, she would call the police and have them take custody of the baby (Doc. 1 at ¶¶110-111, 113).  Ms. Ferris informed Ms. Lopez-Heagy that she was not comfortable signing anything without talking to an attorney and/or waiting

to speak with her husband when he returned later that evening.  Angelica Lopez-Heagy refused and contacted Defendant Officer Rian Bell with the Derry Township Police Department, requesting emergency custody of A.F. (Doc. 1 at ¶¶114-120). Officer Rian Bell of the Derry Township Police Department took custody of the minor Plaintiff, A.F., on the basis that there were reasonable grounds to believe that A.F. is suffering from an illness or injury or is imminent danger from her surroundings and that her removal was necessary (Doc. 1 at ¶121; see Law Enforcement Custody Order of Officer Rian Bell attached to Defendants' Motion as Exhibit 2).

Thereafter, Defendant Angelica Lopez-Heagy returned to Ms. Ferris' room with Officer Bell and hospital staff and advised Ms. Ferris that they were taking custody of A.F. because she refused to sign the safety plan.  Ms. Ferris indicated at this time, she would sign the safety plan, but Angelica Lopez-Heagy informed her that it was too late.  Defendant Nurse Janet Doe removed the minor Plaintiff from Ms. Ferris and Defendant Angelica Lopez-Heagy took physical custody of the minor Plaintiff pursuant to Officer Bell's Affidavit (Doc. 1 at ¶¶124-129; see Law Enforcement Custody Order of Officer Rian Bell attached to Defendant's Motion to Dismiss as Exhibit 2).

Angelica Lopez-Heagy authorized the hospital to administer a Hepatitis B shot.  Additionally police escorted Jodi Ferris off of the premises of the hospital

7

and both Mr. and Mrs. Ferris were forced to sleep in their car between feedings for their minor daughter (Doc. 1 at ¶¶130-137).

Dr. Ian Paul conducted medical testing and treatment to A.F. during the time Mr. and Mrs. Ferris were removed from the premises.

Monday morning, June 28, 2010, Angelica Lopez-Heagy filed a Dependency Petition with the Court of Common Pleas of Dauphin County (see Dependency Petition attached to Defendants' Motion as Exhibit 3).

On Monday, June 28, 2010 at 10:17 a.m.,  President Judge Todd A. Hoover in the Court of Common Pleas of Dauphin County, granted the Dependency Petition and directed a law enforcement officer to take custody of the minor Plaintiff and place her in the care of Dauphin County Social Services for Children and Youth (see June 28, 2010 Order of President Judge Hoover attached to Defendants' Motion as Exhibit 4).   Following a dependency hearing on June 28, 2010, the Court returned physical custody of A.F. to her parents pending an adjudicatory hearing.  (Doc. 1 at ¶140).  The Court specifically found that Angelica Lopez-Heagy and CYS made reasonable efforts to prevent placement of the minor child.  (See Master's recommendation for shelter care attached to Defendants' Motion as Exhibit 5.)

Upon collecting A.F. at Hershey Hospital following the dependency hearing, Plaintiffs observed that A.F. was bruised severely on her heels.  The minor

Plaintiff flinched and cried whenever she was touched below the knee for approximately the first month of her life (Doc. 1, ¶¶142-143).  Hershey Medical Center failed to properly treat A.F. for jaundice and she had to be admitted to Pinnacle Health Harrisburg Hospital for two days (Doc. 1 ¶¶144-154).

Following the adjudication and disposition hearing on July 7, 2010, the Court returned full physical and legal custody of A.F. to Scott and Jodi Ferris (see Master's Recommendation for Adjudication – Child Not Dependent attached to Defendants' Motion as Exhibit 6.)  The removal of A.F. from her parents violated Plaintiffs' Fourteenth Amendment right to procedural due process (Doc. 1, ¶158). The seizure of the minor Plaintiff violated Plaintiffs' Fourth Amendment right to be secure in a person against unreasonable seizure (Doc. 1, ¶161).  Conducting medical procedures on the minor Plaintiff without the consent and over the objection of the minor Plaintiff's parents violated Pennsylvania common law through physical battery (Doc 1., ¶163).  The detention of Plaintiff without her parents' consent and pursuant to their objection, constituted Pennsylvania common law false imprisonment (Doc. 1, ¶166).  The actions of all Defendants make them liable for "tortuous infliction of emotional distress" (Doc 1, ¶168).

## III.   QUESTIONS PRESENTED:

**A.     WHETHER PLAINTIFFS' CLAIMS AGAINST DAUPHIN
COUNTY SOCIAL SERVICES FOR CHILDREN AND YOUTH
MUST BE DISMISSED AS IT IS NOT A PERSON WITHIN
THE MEANING OF §1983.**

Suggested Answer:        In the affirmative.

**B.     (IN THE ALTERNATIVE) WHETHER PLAINTIFFS' CLAIMS
AGAINST DAUPHIN COUNTY SOCIAL SERVICES FOR
CHILDREN AND YOUTH MUST BE DISMISSED AS A
MATTER OF LAW.**

Suggested Answer:        In the affirmative.

**C.     WHETHER ANGELICA LOPEZ-HEAGY IS ENTITLED TO
ABSOLUTE IMMUNITY.**

Suggested Answer:        In the affirmative.

**D.     (IN THE ALTERNATIVE) WHETHER ANGELICA LOPEZ-
HEAGY IS ENTITLED TO QUALIFIED IMMUNITY.**

Suggested Answer:        In the affirmative.

**E.     (IN THE ALTERNATIVE) WHETHER PLAINTIFFS'
FOURTEENTH AMENDMENT PROCEDURAL DUE
PROCESS CLAIM MUST BE DISMISSED AS A MATTER OF
LAW.**

Suggested Answer:        In the affirmative.

**F.     (IN THE ALTERNATIVE) WHETHER PLAINTIFFS' FOURTH
AMENDMENT CLAIM FOR UNLAWFUL SEIZURE MUST BE
DISMISSED AS A MATTER OF LAW.**

Suggested Answer:        In the affirmative.

**G.  (IN THE ALTERNATIVE) WHETHER PLAINTIFFS' CLAIM FOR PENNSYLVANIA COMMON LAW FALSE IMPRISONMENT MUST BE DISMISSED AS A MATTER OF LAW.**

Suggested Answer:  In the affirmative.

**H.  (IN THE ALTERNATIVE) WHETHER PLAINTIFFS' CLAIM FOR TORTIOUS INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED AS A MATTER OF LAW.**

Suggested Answer:  In the affirmative.

**I.  (IN THE ALTERNATIVE) WHETHER PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES MUST BE DISMISSED AS A MATTER OF LAW.**

Suggested Answer:  In the affirmative.

## IV.  LEGAL STANDARD:

When considering a Motion to Dismiss under Fed R. Civ. P. 12(b)(6), the Court must accept as true, well pled allegations in Plaintiff's Amended Complaint and construe them in a light most favorable to the Plaintiff.  The court may dismiss the claim if it appears beyond a reasonable doubt, that Plaintiff cannot prove those set of facts in support of a claim which would entitle him to relief.  Labove v. Lalley, 809 F.2d. 220 (3d Cir. 1987).  The court may consider Exhibits attached to the Amended Complaint, and matters of public record.  Benefit Guarantee Corp. v. White Consol Industries, 998 F. 2d. 1192, 1196 (3d. Cir. 1993).

The Supreme Court has clarified its position on the standard under a Motion to Dismiss, in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  The

"no set of facts standard" found in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957),

has been abrogated in favor of requiring a Plaintiff to plead "enough facts to state a

claim to relief that is plausible on its face." <u>Twombly</u>, 127 S. Ct. 1974.  As a result

of the <u>Twombly</u> holding, Plaintiffs must have "nudged [their] claim across the line

from conceivable to plausible, or the Complaint must be dismissed."  (<u>Id</u>.).

> While a Complaint attacked by a Rule 12(b)(6) Motion to
> Dismiss does not need detailed factual allegations,
> Plaintiff's obligation [under Rule 8(a)(2)] to provide the
> 'grounds' of his 'entitlement to relief' requires more than
> labels and conclusions, and the formulaic recitation of the
> elements of a cause of action will not do.  Factual
> allegations must be enough to raise a right to relief above
> the speculative level.

(<u>Id</u>. at 1964-65) (citations omitted).

Pursuant to <u>Santiago v. Warminster Twp.</u>, the Third Circuit has clarified the

pleading requirement standard through its interpretation of Supreme Court

decisions in <u>Ascroft v. Iqbal</u>, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and <u>Bell</u>

<u>Atlantic Corp. Twombley</u>, 127 S. Ct. 1955, 1974 (2007).  Specifically, the Court

held that the determination of the sufficiency of a Complaint requires a three step

process:

> "First, the Court must take note of the elements a
> Plaintiff must plead to state a claim.  Second, the Court
> should identify allegations that, because they are no more
> than conclusions, are not entitled to the assumption of
> truth.  Finally, where there are well-pled factual
> allegations, a Court should assume their veracity and then

determine whether they plausibly give rise to entitlement
for relief."

Santiago v. Warminster Twp., 2010 U.S. App. LEXIS 25414, *13 (3d Cir.

December 14, 2010) (citations omitted).

## V.   LEGAL ARGUMENT:

### A.   PLAINTIFFS' CLAIMS AGAINST THE DAUPHIN COUNTY SOCIAL SERVICES FOR CHILDREN AND YOUTH ARE BARRED AS A MATTER OF LAW.

Plaintiffs sued Dauphin County Social Services for Children and Youth

(hereinafter "CYS") but not Dauphin County.  CYS is a department of Dauphin

County and, as such, does not have a separate corporate existence from Dauphin

County and therefore is not capable of being sued under §1983.  Billups v. Penn

State Milton S. Hershey Medical Center, 2012 U.S. Dist. LEXIS 56414 *52-53

(M.D. Pa. April 23, 2012); Dennis v. Evans, 2011 U.S. Dist. LEXIS 25557, *31-

*32 (M.D. Pa. February 2, 2011) adopted by Dennis v. Evans, 2011 U.S. Dist

LEXIS 25483 (M.D. Pa. March 14, 2011); Coggins v. Court of Common Pleas of

Dauphin County, 2011 U.S. Dist. LEXIS 14080, *5-*6 (M.D. Pa. January 25,

2011) (adopted by Coggins v. Court of Common Pleas of Dauphin County, 2011

U.S. Dist. LEXIS 14092 (M.D. Pa. Feb. 14, 2011); Walthor v. Children and Youth

Servs., No. 09-0366, 728 F.Supp. 2d 628, 2010 U.S. Dist. LEXIS 70388, *31

(EDPA July 14, 2010).

Accordingly, Plaintiffs' claims against CYS for violating their Fourteenth Amendment procedural due process rights (Count I) and violation of the Fourth Amendment right to be protected from unlawful seizure (Count II), which arise under §1983, must be dismissed.

**B.  (IN THE ALTERNATIVE) PLAINTIFFS FAIL TO PLEAD A VIABLE MONELL CLAIM AGAINST DAUPHIN COUNTY SOCIAL SERVICES FOR CHILDREN AND YOUTH.**

A municipality may be held liable under §1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Social Serv., 436 U.S. 658, 690, 694 (1978).  "Thus, a Plaintiff seeking to impose liability on a municipality under §1983 must identify a municipal 'policy' or 'custom' that caused the Plaintiff's injury."  (M.C. v. Pavlovich, 2008 U.S. Dist. LEXIS 568829*11) (M.D. Pa. 2008) (Jones, J.) (citing Bd. of County Comm.'rs of Brian County v. Brown, 520 U.S. 397 (1997).  Policies are a "statement, ordinance, regulation, or decision, emanating from the municipality's duly constituted legislative body for those officials whose acts may fairly be said to those of the municipality."  As compared to a custom, which is a "practice that has not been formally approved by an appropriate municipal decision maker, but which is so widespread, permanent and well-settled as to have the force of law."  Id. (citing Bd. of County Comm'rs of Brian County at 403-04; Monell, 436 U.S. at

690-691.  To establish liability, Plaintiff must demonstrate a causal link between the alleged custom or policy and the alleged §1983 violation and concomitant harm.  In short, "a municipality can be liable under §1983 only where its policies are the 'moving force behind the violation.'"  City of Canton v. Harris, 489 U.S. 379, 386 (1989) (quoting Monell, 436 U.S. at 694).

When a failure to train, discipline or supervise claim is made, §1983 municipal liability will only attach if the Plaintiff can show "both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate."  Montgomery v. DeSimone, 159 F.3d 120, 127 (3d Cir., 1998);  Bonenberger v. Plymouth Township, 132 F.3d 20, 25 (3d Cir., 1997); Freedman v. City of Allentown, 853 F.2d 1111, 1117 (3d Cir., 1988).  More specifically, a plaintiff "must show that a 'reasonable municipal policy maker had knowledge of a pattern of prior incidents or knowledge of similar violations of constitutional rights and failed to take adequate measures to ensure the particular right in question.'" Cacciatore v. City of Philadelphia, 2005 U.S. Dist. Lexis 19064, *1, *6 (E.D. Pa., Sept. 1, 2005) (quoting, Garcia v. County of Bucks, 155 F. Supp. 2nd 259, 268 (E.D. Pa., 2001));  Strauss v. Walsh, 2002 U.S. Dist. Lexis 24717, *1,

*10 (E.D. Pa. Dec. 18, 2002);  Altieri v. Pennsylvania State Police, 2000 U.S. Dist.

Lexis 5041, *1, *39-40 (E.D. Pa., April 20, 2000).

Plaintiffs' 23 page, 169 paragraph Complaint lacks **any** factual allegation

supporting a Monell theory of liability as against CYS. Accordingly, all claims

against Dauphin County Social Services for Children and Youth must be

dismissed.

### C.    IMMUNITY PROTECTS ANGELICA LOPEZ-HEAGY FROM PLAINTIFFS' CLAIMS

Plaintiffs assert that Defendant Lopez-Heagy's actions violated their

Fourteenth Amendment procedural due process interests, the Fourth Amendment

right to be free from unlawful seizure, a common law right to be protected against

false imprisonment and their common law right to be protected from "tortious

infliction of emotional distress."  Each claim appears to arise from the Derry

Township Police Department taking custody of the minor Plaintiff and releasing

her to CYS, and/or the June 28, 2010 filing of the dependency petition, which

Judge Hoover granted.  Of Plaintiffs' 23 page, 169 paragraph Complaint,

approximately 10 pages relate directly to those issues (Doc. 1, ¶ 119-128; 140).

The remainder of the paragraphs that speak to Defendant Lopez-Heagy recitate

facts as alleged by Plaintiffs involving Ms. Lopez-Heagy's investigation.  (Doc. 1

at ¶ 82-118).  The public record also supplements facts in that Officer Bell issued a

law enforcement custody Order, taking custody of A.F. along with Judge Hoover

granting the dependency petition.  See, **Exhibit 2-4** attached to Defendants' Motion to Dismiss.

In Ernst v. Children Review Services of Chester County, the Third Circuit applied the principles of prosecutorial immunity to social workers holding that they are "entitled to absolute immunity for their actions in petitioning and formulating and making recommendations to the State Court because those actions are analogous to the functions performed by state prosecutors, who were immune from suit at common law."  Ernst v. Children Review Services of Chester County, 108 F.3d 486, 493 (3d Cir., 2009).  However, the Third Circuit held that absolute immunity does not extend to "investigative or administrative actions taken by child welfare workers outside the context of a judicial proceeding."  Ernst, 108 F.3d at 497 n.7.

The alleged actions by Defendant Lopez-Heagy were consistent with petitioning, formulating and making recommendations to the Court of Common Pleas of Dauphin County and thus, she is entitled to absolute immunity.  On June 28, 2010 at 10:17 a.m., Judge Hoover granted Defendant Lopez-Heagy's dependency petition and ordered and directed that the minor Plaintiff be placed in the custody of Dauphin County Social Services for Children and Youth pending a Juvenile Court hearing.  See, June 28, 2010 Order of President Judge Hoover attached to Defendants' Motion as **Exhibit 4**.  The dependency petition approved

by Judge Hoover and filed by Defendant Lopez-Heagy sets forth the basis for the request for dependency, and specifically includes the actions by the Derry Township Police Department on June 27, 2010, of taking the minor Plaintiff into emergency custody and releasing her to CYS.

Accordingly, the alleged actions by Defendant Lopez-Heagy, which give rise to Plaintiffs' causes of action against her, can only be described as ones in preparation for and participation in the dependency process, entitling her to full immunity.  Most certainly, as pled, the action of Ms. Lopez-Heagy giving rise to Plaintiffs' causes of actions has nothing to do with her investigatory or administrative tasks.

Further, to the Child Protection Services law, 23 Pa. C.S.A. § 6318, Defendant Lopez-Heagy has full good faith immunity from civil liability under Pennsylvania law.  23 Pa. C.S.A. § 6318; Miller v. City of Philadelphia, 954 F. Supp. 1056 (E.D. Pa. 1997) affirmed on 74 F.3d 368.

However, in the alternative, the doctrine of qualified immunity protects Defendant Lopez-Heagy.  The United States Supreme Court has stated that qualified immunity serves to "insulate government officials from liability for assumable damages when the discretionary conduct of the official did not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).   The

18

standard for applying qualified immunity is an objective one.  The Supreme Court has instructed that the "inquiry must focus on the objective reasonableness of an official's conduct as measured by reference to clearly established law."  Id.

The Court has further explained, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say that an official action is protected by qualified immunity unless the very action in question has been declared unlawful, but it is to say that the unlawfulness must be apparent."  Anderson v. Creighton, 483 U.S. 635 (1982).

Qualified immunity is an immunity from suit, and not a mere defense to liability.  As a general rule, the issue of whether an official is entitled to qualified immunity should be determined prior to trial, as the purpose of qualified immunity is to protect officials and public employees from undergoing the burdens of litigation.  Mitchell v. Forsythe, 472 U.S. 511 (1985).

Qualified immunity is generally available to officials who are performing "discretionary functions."  Harlow v. Fitzgerald, 457 U.S. at 816.

The initial inquiry whether Plaintiffs allege deprivation of actual constitutional rights and whether that right was clearly established, for the purposes of this Motion will be conceded.

However, the final inquiry reveals that an objectively reasonable official would believe that the actions taken were legal and not violative of Plaintiffs' rights.  Defendant Lopez-Heagy acted consistent with the law.  Upon completing an investigation, the Derry Township Police, in conjunction with the information provided by Defendant Lopez-Heagy, took custody of the minor Plaintiff.  The Derry Township Police actions were in concert with 42 Pa. C.S. § 6324(3).  Consistent with 23 Pa. C.S. § 6315(b), Ms. Lopez-Heagy obtained an Order from Judge Hoover granting the dependency petition.  See, June 28, 2010 Order of President Judge Hoover attached to Defendants' Motion as **Exhibit 4**.  Furthermore, the informal hearing required by 42 Pa. C.S. § 6315(d) occurred less than 24 hours after protective custody was initiated by the Derry Township Police.  Accordingly, based upon the facts pled in Plaintiffs' Complaint, and augmented by the public record, qualified immunity protects Defendant Lopez-Heagy's actions.

### D.  (IN THE ALTERNATIVE) ANGELICA LOPEZ-HEAGY DID NOT VIOLATE PLAINTIFFS' FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS RIGHTS

Plaintiffs assert that the removal of A.F. from their custody was a violation of their U.S. Constitutional Fourteenth Amendment interest to procedural due process, because lack of emergency circumstances existed, which would otherwise justify deprivation of custody without parental consent or an "Order."  (Doc. 1, ¶158).  Such claims lack merit.

> To state a § 1983 claim based upon an alleged violation
> of procedural due process rights secured by the
> Fourteenth Amendment, a plaintiff must show:
>
> 1.    That he was deprived of a protected liberty of property interest;
> 2.    That the deprivation was without due process;
> 3.    That the defendants subject plaintiff or caused plaintiff to be subjected to this deprivation without due process;
> 4.    Defendants were acting under color of state law; and
> 5.    Plaintiff suffered injuries as a result.

Sharpe v. County of Dauphin, 2010 U.S. Dist. LEXIS 92799, *12 (M.D. Pa., September 7, 2010).

Further, "Federal constitutional standards rather than state statutes define the requirements of procedural due process for purposes of a § 1983 action alleging a Fourteenth Amendment violation.  Bayer v. Monroe County Children and Youth Services, 577 F.3d 186, 193 n.6 (3d Cir. 2009); Cleveland Board of Education v. Loudermill, 470 U.S. 532, 549-541 (1985).

Plaintiffs' procedural due process claim lacks clarity as it focuses on the deprivation of parental custody absent a Court Order.  However, the public record establishes that less than 24 hours after the Derry Township Police assumed custody of A.F., President Judge Todd Hoover of the Court of Common Pleas, granted a dependency petition.  See, June 28, 2010 Order of President Judge Hoover attached to Defendants' Motion as **Exhibit 4**.  Therefore, it appears that Plaintiffs' procedural due process claim focuses on Officer Rian Bell's decision to take A.F. into custody during the evening hours of June 27, 2010.  Although

persons may ordinarily expect an opportunity to be heard prior to an adverse

governmental decision regarding a substantial interest, post-deprivation of process

is appropriate where counter-veiling state interests are of an unquestionably strong

nature and pre-deprivation process would insufficiently protect those counter-

veiling interests.  Fanning v. Montgomery County Children & Youth Services, 702

F. Supp. 1184, 1189 (E.D. Pa. 1988) (citing Mackey v. Montrym, 443 U.S. 1

(1979).  "Indeed, it seems clear that the post-deprivation process contemplated by

[42 Pa. C.S.A. § 6301, et seq.] -- a hearing within 72-hours of the child's removal

from her family's custody -- affects a constitutionally-sufficient balance of the

strong interest of the parents in the custody of their children and the risk for

erroneous interference with that custody, on the one hand, and the State's interest in

protecting minors from a potentially abusive environment, on the other.  Fanning,

702 F. Supp. at 1189 (citations omitted); Para v. City of Scranton, 2008 U.S. Dist.

LEXIS 53854 *44-*45 (M.D. Pa. Memorandum and Order United States

Magistrate Judge Thomas M. Blewitt, July 10, 2008).  Pursuant to the

Pennsylvania Child Protection Services law, a child may be taken into protective

custody without a Court Order, but the child shall not remain in protective custody

longer than 72 hours without an informal hearing to determine whether protective

custody should be continued.  23 Pa. C.S.A. § 6315(a)(d) (citing 42 Pa. C.S.A.  §

6324).

To be sure, this Court "must ensure that the procedures used in the case adequately addressed" the Ferris' parental interest.  LeBar v. Bahl, 2006 U.S. Dist. LEXIS 85918 *15 (M.D. Pa. November 28, 2006).

> It is well settled that in emergency circumstances which pose an immediate threat to the safety of a child, officials may temporary deprive a parent of custody without parental consent or an Order of the Court.  However, in those extra-ordinary situations where deprivation of a protected interest is permitted without prior process, the constitutional requirements of notice and an opportunity to be heard are not eliminated, but merely postponed. Thus, when the State removes a child from his parents, due process guarantees prompt and fair post-deprivation judicial review.  Although there is no bright line rule for deciding whether a post-deprivation hearing is sufficiently prompt, delay should ordinarily be measured in hours and days, as opposed to weeks.

Brown v. Daniels, 128 Fed. Appx. 910, 914-15 (3d Cir. April 25, 2005) (adopted in part by Atkins v. Luzerne County Children and Youth Services of Luzerne County, 2205 U.S. Dist. LEXIS 19006, *24 (M.D. Pa. September 2, 2005) (holding "is well-settled that in emergency circumstances which pose an immediate threat to the safety of a child, officials may temporarily deprive a parent of custody without parental consent or an Order of the Court.").

Plaintiffs admit that they received a post-deprivation hearing hours after Officer Bell took custody of A.F.  (Doc. 1 at ¶140).

Accordingly, Defendant Angelica Lopez-Heagy did not violate Plaintiffs' procedural due process rights as guaranteed by the Fourteenth Amendment of the

Unites States Constitution, and Count I of Plaintiffs' Complaint should be dismissed to Defendant Lopez-Heagy in its entirety with prejudice.

### E.   (IN THE ALTERNATIVE) DEFENDANT LOPEZ-HEAGY DID NOT VIOLATE PLAINTIFFS' FOURTH AMENDMENT RIGHTS

Plaintiffs contend that Defendant Lopez-Heagy violated their Fourth Amendment right to be secure against unreasonable seizures through the coerced seizure of A.F., when a warrant, Court Order or exigent circumstances did not exist.  (Doc. 1, ¶161).

"To prove a claim under the Fourth Amendment, Plaintiff must show that the Defendant's actions (1) constituted a  . . . 'seizure' within the meaning of the Fourth Amendment, and (2) were 'unreasonable' in light of surrounding circumstances."  Atkins, 2005 U.S. Dist. LEXIS at *23.  "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mathematical application."  Bell v. Wolfish, 441 U.S. 520, 559 (1979).  The overall reasonableness of a seizure must be examined when determining whether the government seizure violates the Fourth Amendment.  Id. at *23-24 (citing Soldal v. Cook County, III., 506 U.S. 56 (1992) ("reasonableness is still the ultimate standard under the Fourth Amendment") (citation omitted).  Such analysis must be based upon the "careful balancing of governmental and private interests."  Id. (quoting New Jersey v. T.L.O., 469 U.S. 325 (1985)).

24

Again, Plaintiffs' Complaint lacks clarity as to whether it is challenging

Officer Bell's seizure of A.F. during the evening of June 27, 2010, the dependency

petition filed by Defendant Lopez-Heagy on June 28, 2010, or both.

Technically, Defendant Lopez-Heagy did not take custody of A.F. on June

27, 2010.  Rather, that act was performed by Officer Bell.  However, Plaintiffs

certainly contend in their Complaint that Officer Bell made a decision to exercise

his authority under 42 Pa. C.S. § 6324 to take custody of A.F. based upon Angelica

Lopez-Heagy's representations.  (Doc. 1, ¶119-121).

As noted previously, it is well settled that in emergency circumstances

which pose an immediate threat to the safety of a child, "officials may temporarily

deprive a parent of custody without parental consent or an order of the Court."

Atkins, 2005 U.S. Dist. LEXIS at *24 (quoting Brown v. Daniels, 128 Fed. Appx.

910, 914-915 (3d Cir. 2005) (citations omitted).  Further, the Commonwealth may

"intervene in the relationship between parent and child when intervention serves

the interest of the State or the interest of the child."  Id. (quoting Winston by

Winston v. Children and Youth Services of Delaware County, 748 F. Supp. 1128,

1134 (E.D. Pa. 1990)).

Circumstances giving rise to Officer Bell's exercise of custodial powers,

even if based entirely upon the information provided by Defendant Lopez-Heagy

as alleged by Plaintiffs, were found sufficient by Judge Hoover.  More specifically,

Defendant Lopez-Heagy's dependency petition sets forth the grounds upon which

temporary custody of A.F. was required and President Judge of the Dauphin

County Court of Common Pleas reviewed and approved the same by way of Court

Order.  See, Dependency Petition attached to Defendants' Motion as **Exhibit 3**;

June 28, 2010 Order of President Judge Hoover attached to Defendants' Motion as

**Exhibit 4**.  In Stubli v. Children and Youth and Families Central Regional Office,

the Third Circuit, in a non-precedential opinion, addressed similar circumstances

as follows:

> In Callahan v. Lancaster-Lebanon Intermediate Unit 13,
> 880 F. Supp. 319, 334 (E.D. Pa. 1994), the Court
> analogized the situation of a childcare worker who seeks,
> obtains and executes a temporary custody order to a
> 'police officer seeking, obtaining and executing an arrest
> warrant.'  The Court opined 'it is well settled that
> probable cause to arrest generally exists when a police
> officer makes an arrest pursuant to a warrant that meets
> the requirements of the Fourth Amendment.'  Id. The
> only exception is where 'the warrant application is so
> lacking in addition of probable cause as to render official
> belief in its existence unreasonable.'  Id. It is only when
> the exception applies that the 'shields of immunity' would
> be lifted.  Id.

Studli v. Children and Youth and Families Central Regional Office, 346 Fed.

Appx. 804, 809-810 (3d Cir. September 9, 2009).

Relying on the analysis in Callahan, the Third Circuit held that analogizing

the taking of children into protective custody to an arrest for Fourth Amendment

purposes, "it is clear that case workers cannot be liable for conduct that was

ordered by a Trial Court and approvingly reviewed by Appellate Court absent anything like fraud, unreasonableness or bad faith." Id. at 810.

The same analysis applies to Plaintiffs' claims against Defendant Lopez-Heagy.  Her actions were pursuant to Officer Bell's law enforcement Custody Order and Judge Hoover's June 28, 2010 Order granting the dependency petition.  Accordingly, Defendant Lopez-Heagy cannot be held liable for taking custody of A. F. pursuant to Officer Bell's law enforcement Order on June 27, 2010 and Judge Hoover's dependency Order on June 28, 2010.  This is because Defendant Lopez-Heagy's actions were objectively reasonable and pursuant to the law enforcement custody Order and Order of Judge Hoover from the Court of Common Pleas of Dauphin County.  As such, Plaintiffs' United States Constitution Fourth Amendment claims for unlawful seizure must be dismissed with prejudice.

**F.   (IN THE ALTERNATIVE) ANGELICA LOPEZ-HEAGY DID NOT FALSELY INPRISON A.F.**

Plaintiffs maintain that Angelica Lopez-Heagy falsely imprison A.F. by unlawfully detaining her without the consent and over the objections of her parents.

"To state a claim for false imprisonment, a Plaintiff must show that (1) there was a detention of another person, and (2) that such a detention was unlawful." Park v. Veasie, 2012 U.S. Dist. LEXIS 56438 *45 (M.D. Pa. April 20, 2012) (citing Renk v. City of Pittsburgh, 527 Pa. 68, 641 A.2d 289, 293 (Pa. 1994)).

27

Plaintiffs' claims for false imprisonment lack merit.  For the reasons set forth in subparts D and E above, Defendant Lopez-Heagy's actions resulting in taking custody from Mr. and Mrs. Ferris were lawful.  Specifically, her actions occurred at the behest of Officer Bell from the Derry Township Police Department and following a Court Order from Judge Hoover.  See law enforcement custody Order attached to Defendants' Motion as **Exhibit 2**, and June 28, 2010 Order of President Judge Hoover attached to Defendants' Motion as **Exhibit 4**.

Accordingly, because Defendant Lopez-Heagy acted lawfully, Plaintiffs' claims for false imprisonment found at Count IV must be dismissed with prejudice.

### G.    (IN THE ALTERNATIVE) DEFENDANT LOPEZ-HEAGY DID NOT CAUSE TORTIOUS INFLICTION OF EMOTIONAL DISTRESS TO PLAINTIFFS

Count V of Plaintiffs' Complaint asserts the confusing claim of "tortious infliction of emotional distress because [Defendants'] intentional or reckless conduct toward A.F. was so extreme and outrageous as to cause severe emotional distress to A.F., and to Scott and Jodi Ferris, A.F.'s parents."  Undersigned counsel is unaware of a claim styled "Tortious infliction of emotional distress."  Generally, the undersigned counsel is aware of claims for "negligent infliction of emotional distress" and "intentional infliction of emotional distress."  For the purposes of Defendants' Motion, Defendant Lopez-Heagy assumes that Plaintiffs intended to bring claims for both negligent and intentional infliction of emotional distress.

28

To assert a claim for intentional infliction of emotional distress, Plaintiffs must demonstrate that Defendant Lopez-Heagy acted with "intentional, outrageous or extreme conduct which caused them severe emotional distress." Park, 2012 U.S. Dist. LEXIS 56438 at *42 (M.D. Pa. April 20, 2012) (quoting Swisher v. Pitz, 2005 Pa. Super. 56, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005)).  The Superior Court in Swisher defined outrageous or extreme conduct as "conduct that is so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society."  Id.  Furthermore, "it is for the Court to determine in the first instance whether Defendant's conduct may reasonably be regarded as so extreme or outrageous to permit recovery."  Id.; Swisher, 868 A.2d at 1231.

The actions of Defendant Lopez-Heagy were reviewed and approved twice. First by Officer Bell upon issuing his law enforcement custody Order and for a second time by Judge Hoover when he granted the dependency Petition.  See the law enforcement custody Order attached to Defendants' Motion as **Exhibit 2**; June 28, 2010 Order of President Judge Hoover attached to Defendants' Motion as **Exhibit 4**.  Accordingly, no jury could reasonably regard Defendant Lopez-Heagy's actions as extreme and outrageous.  To the contrary, Defendant Lopez-Heagy acted consistent with applicable Pennsylvania law in exercising her duties as a social worker.

29

Furthermore, the Political Subdivision Tort Claims Act bars Plaintiffs' claims for negligent infliction of emotional distress.  42 Pa. C.S. § 8542, Pa. C.S. § 8545.  Specifically, "the Pennsylvania Political Subdivision Tort Claims Act grants municipalities categorical immunity for the negligence of their employees except with respect to certain statutorily enumerated negligence claims.  Negligent infliction of emotional distress is not among the claims for which liability may attach to a political subdivision."  Dull v. W. Manchester Twp. Police Dep't, 2008 U.S. Dist. LEXIS 21412 *32 (M.D. Pa. March 17, 2008).  However, an "employee's willful misconduct may vitiate" the immunity of the Political Subdivision Tort Claims Act although acts of "lesser culpability, such as those arising from an employee's negligence or deliberate indifference, have no affect on the employee's immunity."  Id. (citing 42 Pa. C.S. § 8550; Boria v. Bowers, 2007 U.S. Dist. LEXIS 68794 (E.D. Pa. September 17, 2007)).

Paragraph 18 of Plaintiffs' Complaint alleges that Defendant Angelica Lopez-Heagy, at all pertinent times was an employee of Dauphin County Social Services for Children and Youth and on or about its business in the course and scope of her employment.

Accordingly, Plaintiffs cannot make out claims for intentional or negligent infliction of emotional distress and as such, Count V of Plaintiffs' Complaint must be dismissed with prejudice as to Moving Defendants.

H.   **PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES MUST BE DISMISSED**

Plaintiffs seek to recover punitive damages for the alleged willful and wanton disregard for the rights of Plaintiffs by Moving Defendants.  The Supreme Court held that punitive damages may not be awarded against municipalities under 42 USC §1983.  <u>City of Newport v. Fact Concerts, Inc.</u>, 453 US 247, 271 (1981).  Likewise, because official capacity suits are in effect, suits against the governmental agency, punitive damages are not available against an officer in his or her official capacity.  <u>Gregory v. Chehi,</u> 843 F2d 111, 120 (3d Cir. 1988).  Accordingly, punitive damages claims as against Dauphin County Social Services for Children and Youth and Defendant Lopez-Heagy in her official capacity must be dismissed.

Also, punitive damages are not available against Defendant Lopez-Heagy in her individual capacity under State law.  42 Pa. C.S. § 8553.  The Pennsylvania Supreme Court adopted the Restatement of Torts § 908(2) which permits damages for "conduct that is outrageous, because of the Defendant's evil motive or his reckless indifference to the rights of others."  <u>Rizzo v. Heins</u>, 520 Pa. 491 (1989).  "The prong for focus is on the act itself together with all of the circumstances including motive of the wrongdoer in the relations of the parties."  Id. at 555.  The Court may award punitive damages only "if the conduct was malicious, wanton, reckless, willful, or oppressive."  Id.

31

Plaintiffs' Complaint lacks factual allegations that Defendant Lopez-Heagy acted with malicious, wanton, reckless, willful or oppressive action.  Rather, Plaintiffs plead a formulaic punitive damages claim which does not surpass the Santiago v. Warminster Twp. test.  Further, Plaintiffs' claim for punitive damages as against Defendant Lopez-Heagy fails for the same reason outlined above, for which Plaintiffs are not entitled to proceed with the intentional infliction of emotional distress claim.  Namely, Defendant Lopez-Heagy's actions were reviewed and approved by two separate, independent legal authorities.  The first by Officer Bell on June 27, 2010, through his law enforcement custody Order, and later on the morning of June 28, 2010, through Judge Hoover's Order granting the dependency petition.

Accordingly, Plaintiffs' punitive damages claims against Defendant Angelica Lopez-Heagy must be dismissed with prejudice.

## VI.   CONCLUSION

For the foregoing reasons, Angelica Lopez-Heagy and Dauphin County Social Services for Children and Youth, respectfully request this Honorable Court sustain their Motion to Dismiss Counts I, II, IV and V with prejudice.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By:   /s/ Donald L. Carmelite_____

32

Donald L. Carmelite, Esquire
Attorney for Defendants
ID# 84730
4200 Crums Mill Road, Suite B
Harrisburg, PA  17112
717-651-3504

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By:     */s/ John P. Gonzales*
        John P. Gonzales, Esquire
        ID# 71265
        1845 Walnut Street
        Philadelphia, PA  19103-4797
        215-575-2871
        Attorney for Defendants

Dated:  May 22, 2012

05/886711.V1

33

# **CERTIFICATE OF SERVICE**

I hereby certify that I am this day serving a copy of the foregoing upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure, ECF notification as follows:


Matthew D. Menges, Esquire
Menges & McLaughlin, PC
145 East Market Street
York, PA  17401
Attorney for Plaintiffs

Michael P. Farris, Esquire
Darren A. Jones, Esquire
James H. Mason, Esquire
Home School Legal Defense Association
PO Box 3000
Purcellville, VA  20134
Co-Counsel for Plaintiffs

Wendi D. Barish, Esquire
Thomas Geroulo, Esquire
Weber Gallagher Simpson Law Offices
201 Penn Avenue, Suite 400
Scranton, PA  18503
Counsel for Defendant Police Officers Bell and Roe

Hershey Medical Center
500 University Drive
Hershey, PA  17033
Defendant

Ian M. Paul, MD
Hershey Medical Center
500 University Drive
Hershey, PA  17033
Defendant

Caitlin J. Mallis, MD
Hershey Medical Center
500 University Drive
Hershey, PA  17033
Defendant


**MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN**


By:   */s/ Donald L. Carmelite*_____
        DONALD L. CARMELITE, ESQUIRE