IN THE FEDERAL DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT FERRIS, JODI FERRIS, and | ) | CIVIL ACTION: |
| A.F., a minor, by her parents, | ) | NO. 1:12-cv-00442-JEJ |
| *Plaintiffs* | ) | |
| | ) | Complaint filed March 9, 2012 |
| *v.* | ) | |
| | ) | |
| MILTON S. HERSHEY MEDICAL | ) | **Plaintiffs' Response to Defendant** |
| CENTER *et al*, | ) | **Angelica Lopez-Heagy's Motion to** |
| *Defendants* | ) | **Strike** |

**Plaintiff's Response to Motion to Strike**

## INTRODUCTION

Defendant Angelica Lopez-Heagy has filed a motion to strike portions of Plaintiffs' First Amended Complaint, or in the alternative to dismiss portions of the complaint, arguing that Plaintiffs have failed to state a claim upon which relief may be granted. Her motion should be denied, since Plaintiffs' amended complaint sets out a clear factually-based claim against the Defendant for violation of their constitutional rights.

The gravamen of this case has not changed, nor have any of the material facts, since this Court denied Defendant's first motion to dismiss on August 22, 2012. Memorandum and Order, M.D. Pa. No. 1:12-CV-00442-JEJ Docket #45 (hereinafter Order #45).

In response to Section IV.B. of Defendant's Motion to Strike and Dismiss, Plaintiffs do not intend to pursue a claim of conspiracy against Defendant Lopez-Heagy.

## STATEMENT OF FACTS

Plaintiffs agree with the Statement of Facts presented by Defendant, with one minor addition. It is Plaintiffs' contention that it was the representations of Defendant Lopez-Heagy that led Officer Rian Bell to conclude that A.F.'s removal was necessary.

## QUESTIONS PRESENTED

A. Whether this Court's leave to file an amended complaint permits plaintiffs to add new facts regarding the interaction between medical personnel and Defendant Lopez-Heagy in their amended complaint.

*Suggested answer in the affirmative.*

B. Whether Defendant Lopez-Heagy's conduct as alleged by Plaintiffs was sufficiently outrageous as to permit Plaintiffs to recover punitive damages.

*Suggested answer in the affirmative.*

## ARGUMENT

I.   **Plaintiffs' Allegations Meet the Legal Standard for Pleading.**

As argued in Plaintiffs' brief addressing Defendant Lopez-Heagy's first Motion to Dismiss, Plaintiffs' allegations regarding the constitutional violations

committed by Defendant Lopez-Heagy are legally sufficient to defeat a motion to dismiss.

Defendant makes an incorrect assertion in discussing the applicable legal standard for a motion to dismiss.

When considering a defendant's motion to dismiss under FRCP 12(b)(6), it is vital that the Court "accept as true and view in a light most favorable to the plaintiff all allegations made in the complaint." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989). Defendant correctly recognizes that the court must accept as true the well-pled allegations in the complaint, and construe them in the light most favorable to the Plaintiffs. Brief in Support of Defendant Angelica Lopez-Heagy at 11 (M.D. Pa. No. 1:12-CV-00442-JEJ Docket #51) (hereinafter "Def. Brief").

The Defendant then asserts, however, that "the court may dismiss the claim if it appears beyond a reasonable doubt, that Plaintiff cannot prove those set of facts in support of a claim which would entitle him to relief." Def. Brief at 11.

Under Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain a short and plain statement of jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Motions to dismiss are judged on the sufficiency of pleading, not on any premature evaluation of evidentiary proof. In stating the claim, a well-pleaded

complaint must contain factual allegations which "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

Defendant's assertion, which she bases on the Third Circuit's decision in *Labove v. Lalley*, 809 F.2d 220 (3rd Cir. 1987), misstates the rule of that case. *Labove* does not permit a court to employ a "reasonable doubt" standard, as Defendant suggests, nor does it require Plaintiffs to show that they can prove their alleged set of facts – or any set of facts – in order to prevail against a motion to dismiss. Instead, *Labove* merely recites the now-obsolete "no-set-of-facts" pleading standard of *Conley v. Gibson*, that a motion to dismiss is proper "if it appears beyond doubt that the plaintiffs can prove *no set of facts* in support of their claims which would entitle them to relief." *Labove*, 809 F.2d at 221-22, quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (emphasis added). The rationale of *Labove* has been undercut by *Twombly*, which abrogated Conley's "no-set-of-facts" standard. See *Pacific Bell Telephone Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 (2009) (noting that the Court rejected *Conley*'s "no-set-of-facts" pleading standard in *Twombly*).

After *Twombly*, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009), quoting *Twombly,* 550 U.S. at 570. Conversely, a motion to dismiss for failure to state a claim is only proper "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Thus, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* at 662, and will survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

Applying the correct legal standard to this case, the Plaintiffs' complaint may only be dismissed if it fails to allege facts which, assumed at this stage to be true, "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Plaintiffs' claims meet the standards required by federal pleading, and they should not be dismissed.

## II.   The Amended Complaint's New Factual Allegations Should Not Be Stricken.

Defendant argues in her motion to strike that Plaintiffs "lack authority to file an Amended Complaint asserting new facts and claims against Defendant Lopez-Heagy." Def. Brief at 14. This argument is incorrect.

First, as Defendant correctly points out, relief under Federal Rule of Civil Procedure 12(f) is an extraordinary remedy and is generally disfavored. Striking a pleading or a portion of a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." *DeLa Cruz v. Piccari Press*, 521 F.Supp.2d 424, 428 (E.D.Pa.2007). In order to prevail, Defendant must show that the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues in the case." *Natale v. Winthrop Resources Corp*., 2008 WL 2758238 *14 (E.D.Pa. July 9, 2008). Defendant claims prejudice but has failed to prove it.

This Court in its order of August 22, 2012, granted the Medical Defendants' motion to dismiss, but granted Plaintiffs "leave to amend their Complaint in order to aver particularized facts in aid thereof which they believe demonstrate a right to relief, consistent with this opinion." Order #45 at 27. Thus, Plaintiffs had leave of court to amend, in accordance with FRCP 15.

The Court's discussion of Plaintiffs' Fourth Amendment claims (Order #45 at 11-13) clearly shows that the Court understood that at least one theory of the Plaintiffs showing why Medical Defendants were liable as state actors was because of their collaborative acts with other state actors. The Court was well aware that allowing Plaintiffs to amend their complaint would necessarily bring in facts about the Medical Defendants' interaction with other state actors, including Defendant

Lopez-Heagy. The Court's leave to amend thus covers the additional facts concerning Defendant Lopez-Heagy that Plaintiffs raised in their Amended Complaint.

Defendant claims that she is "prejudiced" by the new allegations in the complaint because they are beyond the statute of limitations. Def. Brief at 14. She is not prejudiced, nor are the facts beyond the statute of limitations. The new allegations in the complaint are specifically designed to do precisely what this Court gave Plaintiffs leave to do: namely, add particularized facts about the Medical Defendants that display their culpability under the constitutional claims that have been made all along – the claim that Defendants took custody of A.F. in violation of the Fourth and Fourteenth Amendments.

Defendant was adequately notified by the Original Complaint that her conduct in seizing A.F. without constitutional justification for doing so was the basis for liability. And this Court understood in its ruling of August 22, 2012 permitting amendment of the complaint that Plaintiffs were alleging that the Medical Defendants were acting "collaboratively" (Order #45 at 11) and in "concerted action" (Order #45 at 12) with Defendant Lopez-Heagy in removing the child.

Additionally, the new allegations are not "conduct different from that identified in the original complaint." *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857,

866 (D.C.Cir.2008). The allegations merely expand upon the same conduct that was originally alleged: Defendant Lopez-Heagy took A.F. without constitutional justification, and the Medical Defendants cooperated with this seizure. Defendant Lopez-Heagy and Medical Defendants are liable for this unconstitutional action.

## III.   Defendant Lopez-Heagy is Liable for Punitive Damages.

Defendant again seeks dismissal of the Ferrises' punitive damages claims on the grounds that Defendant Lopez-Heagy's actions were not outrageous because they were subsequently reviewed and "approved" by a police officer and a judge.

This Court has already ruled that "At this early stage, taking the Plaintiffs' allegations as true as we must, we conclude that Lopez-Heagy's actions were not objectively reasonable and indeed qualify as conscience-shocking." Order #45 at 23.

As Plaintiffs argued before, dismissal under FRCP 12(b)(6) is only appropriate in this case if the Ferrises fail to allege all the elements of a claim and rely on improper conclusions rather than well-pled facts. If the complaint passes these two standards, the court "should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3rd Cir. 2010) (internal citations omitted).

Defendant claims that dismissal is appropriate because

Plaintiffs' claim for punitive damages as against Defendant Lopez-Heagy fails for the same reason, for which the Court dismissed

Plaintiffs' intentional infliction of emotional distress claim (Doc. 45). Namely, Defendant Lopez-Heagy's actions were reviewed and approved by two separate, independent legal authorities.

Def. Brief at 19. The Defendant's claim is incorrect. This Court dismissed Plaintiffs' original claim of intentional infliction of emotional distress because Plaintiffs did not allege that "Defendant Lopez-Heagy's investigative actions caused physical injury to Plaintiff A.F." Order #45 at 26. The Court ruled that this lack of this "critical element" required dismissal, but it never mentioned the "review" or "approval" that Defendant Lopez-Heagy so heavily relies upon in the context of intentional infliction of emotional distress.

In fact, the only section of this Court's order in which the Court mentions the Defendant's argument that "her actions in taking custody of Plaintiff A.F. from Defendant Officer Bell were lawful, taken at the behest of a police officer and later a court order" (Order #45 at 24) is the section denying Defendant's motion to dismiss the claim for false imprisonment, not in its consideration of infliction of emotional distress.

Defendant makes much of the fact that Judge Hoover accepted her petition to name A.F. as a dependent child. Based on the allegations in her petition, which present a situation much different from that alleged in Plaintiff's complaint, the Judge did indeed issue a custody order *ex parte* – an order that was overturned just an hour later when the Ferrises showed up in court and immediately received

physical custody of A.F. At the adjudication a month later, the court dismissed the child abuse petition over the hard-fought objection of Dauphin County CYS. It is significant that the only "approval" Defendant received from a judge was for a brief hour before the Ferrises appeared before the judge and he reviewed the full extent of the facts.

The Defendants assert that the Ferrises' complaint "lacks factual allegations that Defendant Lopez-Heagy acted with malicious, wanton, reckless, willful or oppressive action," and that the Ferrises merely "plead a formulaic punitive damages claim which does not surpass the *Santiago v. Warminster Twp.* test." Def. Brief at 19. A closer examination of the Ferrises' complaint clearly shows that there are sufficient, well-pled factual allegations that support a claim of punitive damages against Defendant Lopez-Heagy. Consequently, a dismissal of these claims against Defendant Lopez-Heagy would be improper.

Applying the test in *Santiago*, the first step is to identify the elements that the Ferrises must plead to state a claim for punitive damages. *Santiago*, 629 F.3d at 130. Under Pennsylvania state law, a court may award punitive damages if the Defendant committed conduct which was "malicious, wanton, reckless, willful, or oppressive." *Rizzo v. Heins*, 520 Pa. 491, 555 (1989).

Second, this court would then identify any "allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'"

*Santiago*, 629 F.3d at 130. The Defendant claims that the complaint offers only "a formulaic punitive damages claim," (Def. Brief at 14) but this is incorrect.

The Plaintiffs' complaint clearly meets the standards of *Santiago*. While the amended material adds clarification of facts integral to the complaint, even without the amended material, the remaining numerous factual allegations against Defendant Lopez-Heagy, if true, prove that she engaged in conduct which was "willful," "malicious," and "oppressive." *Rizzo*, 520 Pa. at 555.

The events alleged by the Ferrises are that a social worker took custody of a child on the day she was born using a law that requires a showing of an unmet medical emergency. The social worker knew there was no emergency. She knew that the parents had not refused any medically-required treatment. She knew that the parents did nothing more than ask questions. She even knew that the mother agreed to her improper demand to sign a safety plan – relinquishing the mother's own reasonable request that her husband or lawyer first be allowed to read the plan. Despite these facts, the social worker made false representations to a police officer for the purpose of getting him to seize this child and evict this mother from the hospital. In the mind of the social worker, she was engaged in a power struggle, not in an effort to protect a child from a real medical emergency. Her actions were a willful, malicious abuse of her power as a social worker.

Plaintiffs have alleged facts which permit a plausible inference that the Defendant's conduct in removing the newborn A.F. from her parents was beyond the reasonable actions of a social worker and consequently outrageous. The specific allegations that support this claim include: the Plaintiffs allegation that Defendant Lopez-Heagy entered Mrs. Ferris's hospital room shortly after A.F. was born and told Mrs. Ferris that she was there to investigate but would not disclose any specific allegations (¶¶ 90-93). The Defendant accused the Ferrises of "refusing to provide medical treatment," but failed to give any specific examples (¶¶ 99-100, 108), and insisted that the Ferrises sign a safety plan even though she had told the Ferrises that "there is no neglect or abuse" (¶ 125).

Plaintiffs allege that when Mrs. Ferris told the social worker that she was not comfortable proceeding without knowing the allegations, the Defendant told Mrs. Ferris, "Since you're not going to cooperate, I'll just go and call the police and we can take custody of the baby" (¶¶ 96-97); that the Defendant told Mrs. Ferris that if she did not agree to "whatever the hospital wanted," the Defendant would call the police and take custody of the baby (¶ 136); that when Mrs. Ferris declined to elaborate at length as to whether her decisions were religiously-motivated, the Defendant threatened to call the police and have them take custody of the baby (¶¶ 128-131); that when Mrs. Ferris said she would not be comfortable signing anything without talking to an attorney first, the Defendant refused to wait before

calling the police, (¶¶ 135, 139); and that when Mrs. Ferris asked to wait to sign the safety plan until her husband returned, the Defendant said that she was "not waiting any longer" and that she would "call[] the police and hav[e] them take custody of the baby" (¶¶ 136-137).

The Ferrises allege that the Defendant returned to Mrs. Ferris' hospital room, shortly after A.F. was born, accompanied by two uniformed police officers and several hospital staff, and told Mrs. Ferris that she was taking custody of A.F. because Mrs. Ferris would not sign a safety plan (¶ 147-148). Mrs. Ferris had never seen the safety plan, but when she asked to see a copy and for a pen so that she could sign it, the Defendant refused, saying "that window has closed" (¶¶ 149-150). The Defendant then immediately removed A.F. from the custody of her parents, and authorized the hospital staff to perform medical procedures on A.F., over the Ferrises' prior objections (¶ 160).

These specific factual allegations – assumed to be true for purposes of this motion, and viewed in the light most favorable to the Ferrises – support a plausible inference that Defendant Lopez-Heagy's conduct was both "outrageous" and also either "malicious, wanton, reckless, willful, or oppressive." *Rizzo*, 520 Pa. at 555.

The outrageousness of the Defendant's actions is not cured by her mere assertion that a judge or police officer subsequently "approved" her actions. While the court did accept the Defendant's *post hoc* filing of a dependency petition and

retroactively approved temporary custody *ex parte* based solely on the Defendant's affidavit, the court then promptly returned custody to the family as soon as they appeared for their post-deprivation hearing. Furthermore, the representations that the Defendant made in her petition are vastly different from the allegations in the *complaint*, and the sole question here is whether the allegations in the *complaint* – if assumed to be true and viewed in the light most favorable to the Ferrises – permit a plausible inference that the Defendant's actions were outrageous.

The above-alleged facts permit a plausible inference that the Defendant's misconduct was sufficiently outrageous to warrant punitive damages. Mrs. Ferris asked the Defendant about the specific allegations, and the Defendant refused to answer.  Mrs. Ferris asked the Defendant what specific necessary medical treatment she had neglected to provide, and the Defendant would not or could not tell her. Mrs. Ferris asked for an opportunity to read the safety plan, and to consult her husband and an attorney, but the Defendant refused to allow Mrs. Ferris to sign the safety plan, saying "It's too late for that." Plaintiffs have alleged that her attitude was outrageously rude and offensive, and her oft-repeated ultimatum – "agree or I will take your child" – was threatening in the extreme because there was no justification for it. The content, context, and frequency of these threats permit a plausible inference that the Defendant sought to willfully interfere with

the Ferris's constitutional and legal rights, or at the very least willfully sought to influence them to not exercise those rights.

Plaintiffs have also alleged that the Defendant acted oppressively. They have identified no fewer than five separate occasions, all within the span of a few hours, when the Defendant threatened to take A.F. unless the Ferrises did as she demanded. The Defendant sought to substitute her own judgment for that of the Ferrises, and used the threat of taking their newborn child to undermine the Ferrises' choices. The inherent nature of this threat – made against a mother concerning her newborn child – coupled with its frequency and forcefulness, permits a plausible inference that the Defendant's actions were oppressive.

In short, this is not a case where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S at 679. The Plaintiffs have alleged numerous concrete facts which, if presumed to be true and viewed in the light most favorable to the Ferrises, make out a colorable, plausible claim that the Defendant's actions were outrageous, willful, malicious, and oppressive.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Strike or Dismiss the claims against Defendant Angelica Lopez-Heagy should be denied.

Dated this 24th day of October, 2012.

Respectfully submitted,

/s/ Darren A. Jones
Michael P. Farris
James R. Mason, III
Darren A. Jones
Home School Legal Defense Association
P.O. Box 3000
Purcellville, VA 20134
(540) 338-5600
Fax: (540) 338-1952
*Counsel for Plaintiffs*

**Certificate of Compliance with L.R. 7.8**

Pursuant to Local Rule 7.8, the undersigned certifies that this brief complies with the length limitations of local rules.

Exclusive of the tables, cover sheet, and certifications, the brief contains: 3374 words according to Microsoft Word's word count feature.

/s/ Darren A. Jones
Darren A. Jones
Home School Legal Defense Association

## Certificate of Service

I hereby certify that I am this day October 24, 2012, serving a copy of the

foregoing upon the person(s) and in the manner indicated below, which service

satisfies the requirements of the Federal Rules of Civil Procedure, ECF notification

as follows:

Wendi D. Barish, Esquire
Thomas Geroulo, Esquire
Weber Gallagher Simpson Law Offices
2000 Market Street, 13th Floor
Philadelphia, PA 19103
*Counsel for Defendant Police Officers Bell and Roe*

Thomas M. Goutman
Kim Kocher
Christopher E. Ballod
White and Williams LLP
1650 Market Street
One Liberty Place, 18th Floor
Philadelphia, PA 19103
*Counsel for Defendant Hershey Medical Center, Dr. Mallis, and Dr. Paul*

Donald L. Carmelite
Marshall, Dennehey, Warner, Coleman & Goggin
4200 Crums Mill Road
Suite B
Harrisburg, PA 17112
John P. Gonzales
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103
*Counsel for Defendant Dauphin County Social Services and Angelica Lopez-Heagy*

/s/ Darren A. Jones
Darren A. Jones
Home School Legal Defense Association