IN THE FEDERAL DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT FERRIS, JODI FERRIS, and | ) | CIVIL ACTION: |
| A.F., a minor, by her parents, | ) | NO. 1:12-cv-00442-JEJ |
| *Plaintiffs* | ) | |
| | ) | Complaint filed March 9, 2012 |
| *v.* | ) | |
| | ) | |
| MILTON S. HERSHEY MEDICAL | ) | **Plaintiffs' Response to HMC** |
| CENTER *et al*, | ) | **Defendants' Motion to Dismiss** |
| *Defendants* | ) | |

---

## Plaintiffs' Response to Motion to Dismiss

---

Michael P. Farris
James R. Mason, III
Darren A. Jones
Home School Legal Defense Association
P.O. Box 3000
Purcellville, VA 20134
(540) 338-5600
Fax: (540) 338-1952
*Counsel for Plaintiffs*

---

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................ ii

TABLE OF AUTHORITIES ............................................................................... iii

INTRODUCTION ................................................................................................1

STATEMENT OF FACTS ...................................................................................1

QUESTIONS PRESENTED .................................................................................2

ARGUMENT ........................................................................................................2

   I.   Plaintiffs' Allegations Meet the Legal Standard for Pleading. ........................2

II.   Plaintiffs Have Alleged Sufficient Facts to Demonstrate That HMC
Defendants Violated Their Fourth Amendment Rights..........................................4

   A.   Plaintiffs Have Alleged Sufficient Facts to Demonstrate that HMC
Defendants are State Actors. ...............................................................................4

   B.   Defendants are not Entitled to Qualified or Absolute Immunity. .................6

III.   Plaintiffs Have Alleged Sufficient Facts to Demonstrate That HMC
Defendants Violated Their Fourteenth Amendment Rights. ...............................11

   A.   Plaintiffs Have Alleged Sufficient Facts to Establish Deprivation of Due
Process. ...............................................................................................................11

   B.   Plaintiffs' Fourteenth Amendment Claim is Not Time-Barred. .................13

CONCLUSION ...................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)............................................3

*Bensel v. Allied Pilots Assoc.*, 387 F.3d 298 (3d Cir.2004)............................. 13, 14

*Callahan v. Lancaster–Lebanon Intermediate Unit 13*, 880 F.Supp. 319
 (E.D.Pa.1994)........................................................................................................11

*Croft v. Westmoreland County Children and Youth Services*, 103 F.3d 1123 (3d
 Cir.1997) ...............................................................................................................11

*Flagg Bros., Inc. v. Brooks,* 436 U.S. 149 (1978) ....................................................4

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir.2009) .......................................3

*Harvey v. Plains Twp. Police Dept.*, 421 F.3d 185 (3rd Cir. 2005) ........................5

*In re Petition to Compel Cooperation with Child Abuse Investigation: Appeal of R.G.
 and S.G.*, 875 A.2d 365 (Pa.Super., 2005) ...........................................................12

*Jackson v. Metropolitan Edison Co,* 419 U.S. 345 (1974) .......................................5

*Kost v. Kozakiewicz,* 1 F.3d 176 (3d Cir.1993) ........................................................3

*Mayle v. Felix*, 545 U.S. 644 (2005)......................................................................13

*Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857 (D.C.Cir.2008) ............................ 13, 14

*Pearson v. Callahan*, 555 U.S. 223 (2009)...............................................................6

*Rocks v. City of Philadelphia*, 868 F.2d 644 (3d Cir.1989).....................................3

*Troxel v. Granville*, 530 U.S. 57 (2000) ................................................................11

*United States v. Price*, 383 U.S. 787 (1966)............................................................5

*Wilson v. Layne*, 526 U.S. 603 (1999) .....................................................................6

**Statutes**

23 Pa. C.S. § 6311 ................................................................................7, 8

23 Pa. C.S. § 6318 ...................................................................................8

24 Pa. C.S. § 13-1303a.............................................................................9

Pa. C.S. § 6503 ........................................................................................8

**Rules**

Fed. R. Civ. P 12(b)(6)..............................................................................3

Fed. R. Civ. P. 8(a)...................................................................................3

**Regulations**

28 Pa. Code § 23.84 .................................................................................9

## INTRODUCTION

Defendants Penn State Milton S. Hershey Medical Center, Ian M. Paul, M.D., Caitlin J. Mallis, M.D., and Colin MacNeill, M.D., have filed a motion to dismiss Plaintiffs' First Amended Complaint, arguing that Plaintiffs have failed to state a claim upon which relief may be granted. Their motion should be denied, since Plaintiffs' amended complaint sets out a clear factually-based claim against the Defendants for violation of their constitutional rights.

Plaintiffs concede that their addition of Dr. Colin MacNeill is time-barred, and he should be dismissed from the case.

## STATEMENT OF FACTS

Plaintiffs generally agree with the Statement of Facts presented by Defendants. However, there are several issues that Plaintiffs contest in the Defendants' version of the facts.

Defendants claim that "The hospital staff allegedly acknowledged that the medical procedures in question were standard procedure which Plaintiffs erroneously equate with 'not medically necessary.'" The Amended Complaint actually states "None of the procedures that were discussed by the social worker and medical staff with Jodi required emergency seizure of the child for medical reasons. The hospital intermittently acknowledged that the medical procedures

they were demanding were 'standard procedure' and not medically necessary."
Amd. Comp. ¶ 109.

Additionally, it is Plaintiffs' contention that it was the representations of
Defendant Lopez-Heagy, based on her interaction with the HMC Defendants, that
led Officer Rian Bell to conclude that A.F.'s removal was necessary. Amd. Comp.
¶ 144.

## QUESTIONS PRESENTED

A. Whether Plaintiffs' Amended Complaint sets out adequate allegations to
state a claim against the HMC Defendants for unreasonable seizure under the
Fourth Amendment.

*Suggested answer in the affirmative.*

B. Whether Plaintiffs' Amended Complaint sets out adequate allegations to
state a claim against the HMC Defendants for unreasonable interference with
family privacy under the Fourteenth Amendment.

*Suggested answer in the affirmative.*

## ARGUMENT

## I.    Plaintiffs' Allegations Meet the Legal Standard for Pleading.

As argued in Plaintiffs' brief addressing all Defendants' first Motions to
Dismiss, Plaintiffs' allegations regarding the constitutional violations committed
by HMC Defendants are legally sufficient to defeat a motion to dismiss.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). When considering a defendant's motion to dismiss under FRCP 12(b)(6), it is vital that the Court "accept as true and view in a light most favorable to the plaintiff all allegations made in the complaint." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989). Under Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain a short and plain statement of jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Motions to dismiss are judged on the sufficiency of pleading, not on any premature evaluation of evidentiary proof. Applying the correct legal standard to this case, the Plaintiffs' complaint may only be dismissed if it fails to allege facts which, assumed at this stage to be true, "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) . Plaintiffs' claims meet the standards required by federal pleading, and they should not be dismissed.

Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009) (quoting *Iqbal*, 556 U.S. 662). Plaintiffs have successfully

alleged sufficient facts to show that their claims against the HMC Defendants are plausible.

## II. Plaintiffs Have Alleged Sufficient Facts to Demonstrate That HMC Defendants Violated Their Fourth Amendment Rights.

### A. Plaintiffs Have Alleged Sufficient Facts to Demonstrate that HMC Defendants are State Actors.

Defendants argue that Plaintiffs' Amended Complaint "failed to establish that the HMC Defendants conspired or acted in concert with the social worker or police officer to unlawfully seize A.F." Def. Brief at 10. This is incorrect.

Plaintiffs have alleged that Hershey Medical Center is a state institution (Amd. Comp. ¶ 7) – even its name as stated in its responses is "Penn State Hershey Medical Center" – and that all defendant medical staff were at all pertinent times employed by that state institution, making them state actors. Further discovery will flesh out the exact relationship of Hershey Medical Center to the Commonwealth of Pennsylvania.

Even if this Court determines that Hershey Medical Center and its employees are not a state institution, federal jurisprudence has set out several approaches for determining whether private defendants are state actors and thus liable for their actions in a Section 1983 lawsuit. The tests have included the exclusive government function approach (e.g., *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149 (1978)), the nexus approach (e.g., *Jackson v. Metropolitan Edison Co,*

419 U.S. 345, 351 (1974)), and the joint participation or symbiotic relationship approach (e.g., *United States v. Price*, 383 U.S. 787, 794 (1966) ("Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of [§ 1983].")) The Third Circuit has held that the "*Price* test requires more than joint action, but rather requires that the private actor at least be 'a willful participant in joint activity with the State or its agents.'" *Harvey v. Plains Twp. Police Dept.*, 421 F.3d 185, 195 (3rd Cir. 2005) (internal citation removed).

In this case, Plaintiffs have alleged that the HMC Defendants jointly and willfully participated with Defendant Lopez-Heagy in violating the Ferrises' constitutional rights. Plaintiffs allege that the HMC Defendants contacted the social worker with the intent "that the social worker would either persuade Jodi to comply with their demands for treating A.F., whether or not medically necessary, or would take custody of the child from Jodi and Scott." Amd. Comp. ¶ 88. They allege that the HMC Defendants took turns with the social worker interrogating Jodi Ferris, and that they would then go out of the room to confer. Amd. Comp. ¶ 105, 106. They allege that these conferences were done with the intent to "to take custody of A.F." Amd. Comp. ¶ 107. Jodi was trapped in her room by "guard nurses" who would not let her participate in these conferences. Amd. Comp. ¶ 82, 85. Without discovery Plaintiffs cannot know what was said in these conferences,

but the strong inference is that the HMC Defendants were "jointly participating" in deciding to remove A.F. from Jodi's and Scott's custody.

Plaintiffs allege that custody was taken even though the Defendant social worker knew that "there is no neglect or abuse," and the only way that she could have known this was due to her conversations with the HMC Defendants. Amd. Comp. ¶ 125. Most importantly, Plaintiffs allege that the HMC Defendants were cooperating with Defendant Lopez-Heagy at the time she contacted the police. Amd. Comp. ¶141-142. All of these allegations show joint and willful participation with Defendant Lopez-Heagy, who is unquestionably a state actor.

### B. Defendants are not Entitled to Qualified or Absolute Immunity.

Defendants claim that they are entitled to qualified immunity for all of Plaintiffs' claims and absolute immunity for any claim pertaining to the Dependency Petition. Def. Brief at 15.This is incorrect.

Defendants correctly cite the standard for qualified immunity. In resolving a claim for qualified immunity, the court must decide: (1) whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The constitutional right at issue is clearly established if the contours of the right sufficiently clear that

a reasonable official would understand that what he or she is doing violates that right. *Wilson v. Layne*, 526 U.S. 603, 614-615 (1999).

The right at issue in Plaintiffs' Fourth Amendment claim is the clear and unambiguous right of a person not to be unreasonably seized. Defendants do not argue that A.F. was not seized; they instead focus on whether the seizure was reasonable. They present Jodi as questioning their actions and uncooperative throughout the process. Def. Brief at 16. They argue that "No reasonable physician under the circumstances should have understood that, when faced with Mrs. Ferris's uncooperativeness and refusal to provide routine medical care to her newborn infant, the summoning of a social worker would lead to a violation of A.F.'s Fourth Amendment rights." Def. Brief at 16. To the contrary, Plaintiffs allege that this is precisely <u>why</u> the medical staff summoned Defendant Lopez-Heagy. It is unreasonable for a physician to make a report to Child Protective Services when, as Plaintiffs allege Defendant Lopez-Heagy told them, "there is no abuse or neglect" (Amd. Comp. ¶ 125), but instead the purpose of calling the social worker is to obtain cooperation with the hospital's risk management procedure.

Furthermore, the HMC Defendants rely on the protections of 23 Pa. C.S. § 6311 *et seq* (the Pennsylvania Child Protective Services Act) to bolster their proposition that they should be entitled to qualified immunity. That statutory

immunity requires a bit more discussion than the HMC Defendants do in their memorandum to understand just what they are immune from.

After the HMC Defendants interacted with Jodi Ferris for a period of time, during which she repeatedly asked questions about the medical necessity of certain procedures, an investigative social worker came to her room to investigate allegations she refused to divulge. The clear inference, and in fact what Plaintiffs have alleged (Amd. Comp. ¶ 88) is that the HMC Defendants summoned the social worker because of their perception that Jodi was uncooperative with their normal procedures. According to section 23 Pa. C.S. § 6318, they would be immune if they "participate [ ] in good faith in the making of a report . . ." That begs the question, what is the "report" contemplated by the statute? In a related statute, 23 Pa. C.S.§ 6311(a) (2012) clarifies that the "report" contemplated is a report about suspected child abuse: "A person who, in the course of employment, . . .comes into contact with children shall report or cause a report to be made . . . when the person has reasonable cause to suspect, that a child . . . *is a victim of child abuse* . . . ." (Emphasis added)

Reportable "child abuse" is defined in Pa. C.S. § 6503(1)(iv) as "serious physical neglect by a perpetrator constituting prolonged or repeated lack of supervision or the failure to provide essentials of life, including adequate medical

care, which endangers a child's life or development or impairs the child's functioning."[1]

According to the allegations in the complaint (as well as the allegations in the dependency petition), Plaintiffs never "failed to provide medical care, which endanger[ed] [A.F.'s] life or development or impairs the child's functioning." Jodi simply wanted more information from the HMC Defendants. Plaintiffs allege that HMC Defendants never told them that the treatment contemplated for A.F. was required as an "essential of life."

HMC Defendants characterize Jodi as" questioning the medical necessity of every hospital procedure regarding her routine medical care and the care to be provided to her newborn." Def. Brief at 16. This is the prerogative and responsibility of every parent who brings their child to the hospital. Jodi alleges that she asked them to explain to her satisfaction why they wished to provide certain treatments, that they refused to explain, and that she withheld consent awaiting explanation. The only treatment Jodi refused outright was the Hepatitis B shot, which she refused on religious grounds. According to 24 Pa. C.S.§ 13-1303a(d), a parent may object to immunizations on religious grounds. *See also* 28 Pa. Code § 23.84(b), "Children need not be immunized if the parent, guardian or

---

[1] The other three definitions in § 6503(1) clearly do not pertain to this case.

emancipated child objects in writing to the immunization on religious grounds or on the basis of a strong moral or ethical conviction similar to a religious belief."

It is Plaintiffs' contention that the HMC Defendants' "report" to the social worker was not about any statutorily defined child abuse, or imminent risk to the child's health or safety caused by Plaintiffs, but was made out of frustration that Jodi would not do what they wanted in a timely fashion. Being "uncooperative" is not justification for calling in CPS. Plaintiffs allege that the HMC Defendants' decision to keep A.F. was required by "Risk Management." Amd. Comp. ¶ 71, 73. Defendant Jack Roe told Jodi "Risk Management policy was not about managing the risk of medically at risk patients, but managing the risks that the hospital might get sued if they discharged a healthy baby where something goes wrong after discharge." Amd. Comp. ¶ 75. This strongly implies that the decision was made for insurance reasons, not medical reasons. HMC Defendants should not be immune from liability for such a report under § 6318(a) because they would not have been reporting child abuse as defined by § 6503(1)(iv). And because they set in motion the events that led to the wrongful seizure of A.F., they cannot be said to have "received or kept" A.F. in good faith. Moreover, the good-faith presumption is rebuttable, which entitles Plaintiffs to discovery to determine whether the report was made in a good-faith belief that statutorily-defined child abuse existed, or was

made because the HMC Defendants were simply frustrated with an assertive

patient.

The HMC Defendants' report to CPS was unreasonable, and they should not

be eligible for qualified or absolute immunity.

### III.   Plaintiffs Have Alleged Sufficient Facts to Demonstrate That HMC Defendants Violated Their Fourteenth Amendment Rights.

For the reasons argued above, Defendants' claim that Plaintiffs failed to

allege state action is incorrect.

#### A. Plaintiffs Have Alleged Sufficient Facts to Establish Deprivation of Due Process.

A prima facie procedural due process claim must establish that "(1) there has

been a deprivation of liberty or property in the constitutional sense; and (2) the

procedures used by the state to effect this deprivation were constitutionally

inadequate." *Callahan v. Lancaster–Lebanon Intermediate Unit 13*, 880 F.Supp.

319, 332 (E.D.Pa.1994).

The first prong of this claim is met by Plaintiffs' allegations that HMC

Defendants violated their Fourteenth Amendment right to procedural due process

by unconstitutionally interfering with the family relationship without adequate

justification. "The Due Process Clause of the Fourteenth Amendment prohibits the

government from interfering in familial relationships unless the government

adheres to the requirements of procedural and substantive due process." *Croft v.*

- 11 -

*Westmoreland County Children and Youth Services*, 103 F.3d 1123, 1125 (3d Cir.1997). The U.S. Supreme Court has repeatedly affirmed that the "rights of parents to make decisions concerning the care, custody, and control of their children" are "fundamental." *Troxel v. Granville*, 530 U.S. 57, 66 (2000).

As argued above, Plaintiffs allege that the HMC Defendants involved Child Protective Services for an improper purpose. The call to CPS was not designed to be an actual report of child abuse or neglect, but instead was for the purpose of coercing the Ferrises' cooperation (Amd. Comp. ¶ 88), and to prevent Jodi Ferris from leaving the hospital with A.F. (Amd. Comp. ¶ 87) even though several of the HMC Defendants had already agreed that she could do so. Amd. Comp. ¶ 76. There was no constitutional justification for calling CPS, and it was a violation of procedural due process for the HMC Defendants to do so. The Pennsylvania Superior Court has held that even though the state has responsibilities under the Child Protective Services Act, these responsibilities "do not trump an individual's constitutional rights under the Fourth Amendment…" *In re Petition to Compel Cooperation with Child Abuse Investigation: Appeal of R.G. and S.G.*, 875 A.2d 365, 379 (Pa.Super., 2005).

Plaintiffs do not allege that they were deprived of post-seizure procedural due process.

- 12 -

**B. Plaintiffs' Fourteenth Amendment Claim is Not Time-Barred.**

Defendants claim that Plaintiffs' Fourth Amendment claim in the Amended Complaint is beyond the statute of limitations. Def. Brief at 22. This is incorrect.

The new allegations in the complaint are specifically designed to do precisely what this Court gave Plaintiffs leave to do: namely, add particularized facts about the HMC Defendants that display their culpability under the constitutional claims that have been made all along – the claim that Defendants took custody of A.F. in violation of the Fourth and Fourteenth Amendments.

In addition, FRCP 15(c)(1)(B) permits amendments to the pleadings to "relate back" to the date of the original pleading if the "amendment asserts a claim ... that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Interpreting this language, the Supreme Court has held that relation back is improper when the amended claim "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). An amendment can also be dismissed if its effect is "to fault [the defendants] for conduct different from that identified in the original complaint." *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C.Cir.2008). But "[t]he underlying question is whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint." *Id*. The facts

- 13 -

as stated in the Ferrises' Amended Complaint properly "relate back" to the Original Complaint; the allegations do not differ in time or type from the original allegations and are in harmony with the conduct set forth in the original complaint.

The Third Circuit held in *Bensel v. Allied Pilots Assoc.*, 387 F.3d 298, 310 (3d Cir.2004) that, "Rule 15(c) is premised on the notion that a party is not entitled to the protection of the statute of limitations based upon the later assertion by amendment of a claim or defense that arises out of the same conduct, transaction, or occurrence set forth in the timely filed original pleading…In essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings. As such, the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds."

The HMC Defendants had such fair notice. The allegations of coordinated action with Defendant Lopez-Heagy are integral to the Original Complaint and elaborated upon in the Amended Complaint. Defendants were adequately notified by the Original Complaint that their conduct in seizing A.F. without constitutional justification for doing so was the basis for liability. Furthermore, this Court understood in its ruling of August 22, 2012, permitting amendment of the complaint that Plaintiffs were alleging that the HMC Defendants were acting "collaboratively" (Order #45 at 11) and in "concerted action" (Order #45 at 12)

- 14 -

with Defendant Lopez-Heagy in removing the child. The Fourteenth Amendment claim in the Amended Complaint is not based on a new "occurrence," but is simply an alternate form of relief based on the same "common core of operative facts." *Bensel*, 387 F.3d at 310.

Additionally, the new allegations are not "conduct different from that identified in the original complaint." *Meijer*, 533 F.3d at 866. The allegations merely expand upon the same conduct that was originally alleged: Defendant Lopez-Heagy took A.F. without constitutional justification, and the HMC Defendants cooperated with this seizure. Defendant Lopez-Heagy and HMC Defendants are liable for this action.

## CONCLUSION

Parents who want information on the medical treatment being proposed for their children have a right to ask questions and demand answers. They should not be treated as child abusers and reported to the state authorities. When doctors refuse to answer legitimate questions and instead call in Child Protective Services in non-emergeny circumstances to coerce cooperation, they should be held accountable. The HMC Defendants' Motion to Dismiss should be denied.

Dated this 31st day of October, 2012.

Respectfully submitted,

/s/ Darren A. Jones

- 15 -

Michael P. Farris
James R. Mason, III
Darren A. Jones
Home School Legal Defense Association
P.O. Box 3000
Purcellville, VA 20134
(540) 338-5600
Fax: (540) 338-1952
*Counsel for Plaintiffs*

## Certificate of Compliance with L.R. 7.8

Pursuant to Local Rule 7.8, the undersigned certifies that this brief complies with the length limitations of local rules.

Exclusive of the tables, cover sheet, and certifications, the brief contains: 3,362 words according to Microsoft Word's word count feature.

/s/ Darren A. Jones
Darren A. Jones
Home School Legal Defense Association

## Certificate of Service

I hereby certify that I am this day October 31, 2012, serving a copy of the

foregoing upon the person(s) and in the manner indicated below, which service

satisfies the requirements of the Federal Rules of Civil Procedure, ECF notification

as follows:

Wendi D. Barish, Esquire
Thomas Geroulo, Esquire
Weber Gallagher Simpson Law Offices
2000 Market Street, 13th Floor
Philadelphia, PA 19103
*Counsel for Defendant Police Officers Bell and Roe*

Thomas M. Goutman
Kim Kocher
Christopher E. Ballod
White and Williams LLP
1650 Market Street
One Liberty Place, 18th Floor
Philadelphia, PA 19103
*Counsel for Defendant Hershey Medical Center, Dr. Mallis, and Dr. Paul*

Donald L. Carmelite
Marshall, Dennehey, Warner, Coleman & Goggin
4200 Crums Mill Road
Suite B
Harrisburg, PA 17112
John P. Gonzales
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103
*Counsel for Defendant Dauphin County Social Services and Angelica Lopez-Heagy*

/s/ Darren A. Jones
Darren A. Jones
Home School Legal Defense Association